# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| BARBARA D. JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N13C-03-114 CLS |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SLEEPY'S HOLDINGS, L.L.C, | ) | |
| a Delaware Limited Liability | ) | |
| Company, d/b/a SLEEPY'S | ) | |
| WILMINGTON, DELAWARE | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: March 11, 2015
Date Decided: May 28, 2015

On Defendant's Motion for Summary Judgment. **DENIED in part and GRANTED in part.**

## ORDER

Joseph W. Weik, Esq. Weik, Nitsche, Dougherty & Galbraith, Wilmington, Delaware 19805. Attorney for Plaintiff.

Kevin J. Connors, Esq. Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware 19801. Attorney for Defendant.

**Scott, J.**

On this 28th day of May, 2015 and upon Defendant Sleepy's Holdings' ("Defendant") Motion for Summary Judgment, the Court finds as follows:

1. On May 30, 2011, Plaintiff Barbara Johnson ("Plaintiff") and her boyfriend, Mark Sekerke ("Sekerke"), purchased a queen sized Tempur-Pedic 30X80 mattress with two box springs at the Sleepy's located at 3737 Kirkwood Highway, Wilmington, Delaware 19805. The following day, persons either employed with or hired by Defendant delivered and set up the mattress set in Sekerke's bedroom. Plaintiff alleges that three days later, on June 2, 2011, two of the four existing wooden slats broke, causing the mattress and box springs to collapse while Plaintiff and Sekerke were in it, cause personal injuries to her. Plaintiff brought this action against Defendant, alleging negligence, breach of express warranties, breach of the implied warranty of merchantability and breach of the implied warranty of fitness for a particular purpose.

2. On January 16, 2015, Defendant moved for summary judgment on Plaintiff's negligence claim, breach of express warranties, breach of the implied warranty of merchantability and breach of the implied warranty of fitness for a particular purpose claims. Defendant asserts that Plaintiff has offered no evidence to establish that Defendant breached any express

warranties or implied warranties of merchantability and fitness for a particular purpose. Defendant argues that Sekerke's failure to obtain the proper bed frame for the Tempur-Pedic mattress voided the warranties represented in the Tempur-Pedic Welcome Kit. Moreover, Defendant argues that the invoice Sekerke signed upon delivery effectively disclaimed and express or implied warranties, including exclusion of the implied warranties of merchantability and fitness for a particular purpose. Finally, Defendant asserts that Plaintiff's claim of breach of implied warranty of fitness for a particular purpose necessarily fails because Plaintiff has not plead any special use or purpose for the mattress, as required for success on this claim. Defendant makes no argument in support of his motion for summary judgment as to Plaintiff's negligence claim.

3. Plaintiff opposes Defendant's motion on several bases. First, Plaintiff asserts that summary judgment should not be granted as to any claim she made regarding a breach of express warranties because express warranties cannot be disclaimed. Plaintiff also asserts that summary judgment should not be granted on her breach of implied warranty of merchantability because there is a genuine issue of material fact as to whether the mattress was defective in the sense that it was not fit for its

3

ordinary purpose, and because Defendant did not disclaim this warranty. Plaintiff notes that Defendant asserted no argument in support of summary judgment for Plaintiff's negligence claim. Finally, Plaintiff did not respond to Defendant's argument that summary judgment should be granted as to Plaintiff's claim for breach of the implied warranty of fitness for a particular purpose.

4. Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[1] The initial burden of informing the court of the basis for a motion for summary judgment and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact fall on the moving party.[2] Once the moving party meets its initial burden of showing that no material issues of fact are present, the nonmoving party cannot rest on its own pleadings, but must provide evidentiary material sufficient to demonstrate the existence of a disputed material fact.[3] Where material facts remain in dispute, the trial judge may not

---

[1] Super. Ct. R. 56; *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[3] *Phillips v. Del. Power & Light Co.*, 216 A.2d 281, 285 (Del. 1966).

conclude that issues of law.[4] Only after the fact finder first resolves the disputed facts can the legal consequences of those facts be determined.[5]

5. In this case, Defendant made no argument in support of its motion for summary judgment on Plaintiff's negligence claim. For that reason, Defendant's motion as to Plaintiff's negligence claim is **DENIED**.

6. Under Delaware law, express warranties cannot be disclaimed.[6] Moreover, there is a genuine issue of material fact as to whether Defendant breached any express warranties that may have been made. Accordingly, Defendant's motion as to Plaintiff's breach of express warranties claim is **DENIED**.

7. Under Delaware law, to be successful on a claim of breach of implied warranty of merchantability, a plaintiff must prove that: (1) a merchant sold the goods; (2) which were defective at the time of sale; (3) causing injury to the ultimate consumer; (4) the proximate cause of which was the defective nature of the goods; and (5) the seller received notice of the injury.[7] In this case, there is a genuine issue of material fact as to

---

[4] *See Jones v. Crawford*, 1 A.3d 299, 303 (Del. 2010).
[5] *Id.*
[6] *See Bell Sports, Inc. v. Yarusso*, 759 A.2d 582, 593 (Del. 2000) (citing 6 *Del. C.* § 2-316(1)).
[7] *Reybold Group, Inc. v. Chemprobe Technologies, Inc.*, 721 A.2d 1267, 1269 (Del. 1998).

whether there was a defective condition in the mattress at the time of sale. There is also a factual dispute as to whether Defendant effectively disclaimed this implied warranty. Factual disputes must be resolved by the jury. Accordingly, Defendant's motion as to Plaintiff's claim for breach of the implied warranty of merchantability is **DENIED**.

8. Under Delaware law, to be successful on a claim of breach of the implied warranty of fitness for a particular purpose, a plaintiff must prove that: (1) she had a special purpose for the goods; (2) defendant knew or had reason to know of that purpose; (3) defendant knew or had reason to know that the plaintiff/buyer was relying on the seller's superior skill to select goods that fulfilled that purpose; and (4) the plaintiff in fact relief on defendant's superior skill.[8] However, no recovery is available where a product is used for its ordinary purpose.[9] Defendant has satisfied its burden on a motion for summary judgment to demonstrate that Plaintiff has not made a prima facie showing of her claim because Plaintiff does not allege any special purpose for the mattress apart from its ordinary use, or that defendant knew or should have known of that special purpose.[10] Therefore, the burden shifts to Plaintiff to provide evidence

---

[8] *Atamian v. Ryan*, 2006 WL 1816936, *4 (Del. Super. Jun. 9, 2006).
[9] *Id.*
[10] *See Celotex Corp*, 477 U.S. at 323.

6

that demonstrates the existence of a material factual dispute.[11]   Here, Plaintiff did not respond to Defendant's argument for summary judgment as to her claim for breach of the implied warranty of fitness for a particular purpose.  For this reason, Plaintiff has not satisfied her burden of demonstrating the existence of a material factual dispute on this claim. Accordingly, Defendant's motion for summary judgment as to Plaintiff's claim for breach of the implied warranty of fitness for a particular purpose is **GRANTED**.

9. For the foregoing reasons, Defendant's Motion Summary Judgment as to Plaintiff's Claim for Negligence is **DENIED**; as to Plaintiff's Claim for Breach of Express Warranties is **DENIED**; as to Plaintiff's Claim for Breach of Implied Warranty of Merchantability is **DENIED**; and as to Plaintiff's Claim for Breach of Implied Warranty of Fitness for a Particular Purpose is **GRANTED.**

**IT IS SO ORDERED.**

/s/Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[11] *Phillips*, 216 A.2d at 285.